**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. A-04-CV-00337 JN |
| AEP ENERGY SERVICES, INC. d/b/a AMERICAN ELECTRIC POWER, | § § § § | |
| *Defendant.* | § § | |

*FILED*
*2005 APR 19 PM 2: 14*
*WESTERN ... TEXAS*
*U.S. ...*
*BY:...*

## SETTLEMENT AGREEMENT

The parties to this Settlement Agreement are the United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff, and AEP Energy Services, Inc. d/b/a American Electric Power, Defendant. This Settlement Agreement resolves the allegations raised by the EEOC in the above-referenced Civil Action No. A-04-CV-00337. The EEOC initiated this lawsuit pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c) and 217, to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Randall J. Johnson. The complaint alleges that, in December 2002, AEP Energy Services, Inc. d/b/a American Electric Power (hereinafter "AEP"), discharged Randall J. Johnson, then age 54, from his job as a regulatory consultant because of his age.

The EEOC and AEP advise this Court that they wish to avoid the expense, delay and uncertainties of further protracted litigation in this matter, and therefore agree to settle this action by this Settlement Agreement.

AEP denies the allegations brought by the EEOC as alleged in the Complaint filed in this Civil Action. This Settlement Agreement is not an admission of liability by AEP.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.    This Court has jurisdiction of the subject matter of the action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. The Complaint states claims, which, if proved, would authorize this Court to grant relief against AEP pursuant to ADEA.

2.    This Settlement Agreement is entered in full and complete settlement of all claims contained in this lawsuit. The EEOC expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against AEP.

3.    AEP agrees that it shall not engage in discriminatory treatment of its employees based on their age.

4.    Within one year after the entry of this Settlement Agreement, AEP shall provide EEO training to its manager(s) and/or employee(s) with authority to promote employees at its Austin facility. The training may take place in separate programs and each manager and/or employee with authority to promote employees will participate in the training for a total of not less than 90 minutes. Training shall consist of at least the following:

a.   AEP's statutory obligations under the ADEA in general, and in particular its obligation not to discriminate on the basis of age in employment decisions concerning the continuing employment of current staff; and

b.   Objective, non-discriminatory decision-making and proper procedures for evaluations, reductions in force and layoffs.  Within 20 days after the EEO training has been completed,  AEP shall provide to the EEOC a written report identifying each individual who attended this training and the date(s).

5.   AEP agrees to post a notice, for at least one year after the entry of this Settlement Agreement, of its intent to comply with ADEA.  This notice is set forth in Exhibit "1," which is attached to this Settlement Agreement.  AEP agrees to post a copy of Exhibit "1" in conspicuous place at its facility in Austin, Texas, within ten days after this Settlement Agreement is entered by the Court.

6.   AEP, in settlement of this dispute, shall pay to Randall J. Johnson, the sum total of $80,000.00 (Eighty-Thousand Dollars), less all required federal and/or state deductions.  Payment shall be made by AEP or its agent by or before April 25, 2005.  Payment shall be by check made payable to Randall J. Johnson, 1925 N. Third St. Apt 316, Baton Rouge, LA 70802. A copy of the settlement check and any accompanying transmittal documents shall be forwarded  to the EEOC to the attention of Robert B. Harwin, Regional Attorney, 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

7.   The terms of this Settlement Agreement shall be binding upon the EEOC and AEP, its agents or its assigns, as to the issues resolved herein.

8.      The parties to this Settlement Agreement shall bear their own costs and attorney's fees incurred in this action.  The parties agree that there is no "prevailing party" in this action or proceeding.

The Clerk shall furnish a copy hereof to each attorney of record.

SO ORDERED this _19th_ day of _APRIL_, 2005.

HONORABLE JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


ROBERT B. HARWIN
Regional Attorney
District of Columbia  Bar No. 076083


JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300


Page 4

LACEY L. GOURLEY
Attorney
State Bar No. 08235620

JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240


BRACEWELL & PATTERSON, L.L.P.
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 494-3677
Telecopier: (512) 479-3907

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste 200
San Antonio, TX 78229-3555
Telephone: (210) 281-7636
Telecopier: (210) 281-7669

**ATTORNEY FOR DEFENDANT**          **ATTORNEYS FOR PLAINTIFF**

Page 5